# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

ROBIN DALE KILGORE PEPPERS,

                Petitioner,

                v.                        CAUSE NO. 3:19-CV-060-RLM-MGG

SHERIFF,

                Respondent.

## OPINION AND ORDER

Robin Dale Kilgore Peppers, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction and 365-day sentence under cause number 71D08-1408-CM-3095 by the St. Joseph Superior Court on October 14, 2016. A one-year statute of limitations governs habeas corpus petitions.[1]

Question 9 on the habeas corpus petition sets forth the text of the statute and asks for an explanation for why the petition is timely. In response, Mr. Peppers wrote,

---

[1] 28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

> This case is still pending 5 years after 8-2-14. On 4-26-17 the State filed a PTR of which has been postponed from my notification on 6-8-18 past this day of 1-25-19. The court is purposely postponing in violation of my right to fast & speedy as a back-up plan to the false charge of "Intimidation" that I'm once again facing. This Class A misdemeanor case is now over 53 months of my life on false charges, to cover-up illegal police action, on a charge with a 12 month cap, 6 months served.

ECF 1 at 5. Though it appears Mr. Peppers may be discussing probation or parole revocation proceedings which were or are occurring following his conviction, he unequivocally stated in this habeas corpus petition that he isn't challenging those proceedings. The question, then, is whether this habeas corpus challenge to his original conviction and sentence on October 14, 2016, is timely. Nothing in his answer or any other part of the petition indicates that State action kept him from filing a habeas corpus petition sooner, that his claims are based on a newly recognized constitutional right, or that his claims are based on newly discovered evidence. Thus, 28 U.S.C. § 2244(d)(1)(B), (C), and (D) don't establish the start of the limitation period.

The one-year limitation period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) when passage of the time for direct appeal made the conviction final. Mr. Peppers took a direct appeal to the Court of Appeals of Indiana where his conviction was affirmed on March 16, 2017. ECF 1 at 1. He didn't file a petition to transfer, and the time for doing so expired 30 days later on April 17, 2017. *See* Ind. R. App. P. 25.A and 57.C. Mr. Peppers didn't file a post-conviction relief petition or any other collateral attacks, so the deadline for filing a habeas corpus petition challenging his conviction and sentence was one year later on

April 17, 2018. Mr. Peppers's habeas corpus petition wasn't signed until January 23, 2019. This petition must be dismissed because it is untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). There is no basis for finding that jurists of reason would debate the correctness of this procedural ruling, so there is no basis for encouraging Mr. Peppers to proceed further. Thus, a certificate of appealability must be denied. For the same reasons, he cannot appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DENIES habeas corpus pursuant to Section 2254 Habeas Corpus Rule 4 because the petition is untimely;

(2) DENIES Robin Dale Kilgore Peppers a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11;

(3) DENIES Robin Dale Kilgore Peppers leave to appeal in forma pauperis pursuant to 28 U.S.C. § 1915(a)(3); and

(4) DIRECTS the Clerk to close this case.

SO ORDERED on February 19, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT